**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 12 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of Barton Malow, Inc. and Ivey Mechanical Company, )<br>)<br>)<br>)<br>) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | NO. 1:10.CV-1068 |
| vs. ) | |
| ) | |
| AAON, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR PROPERTY DAMAGE AND DEMAND FOR JURY TRIAL

Plaintiff Zurich American Insurance Company, as subrogee of Barton Malow, Inc. and Ivey Mechanical Company ("Zurich") sues Aaon, Inc. ("Aaon") as follows:

### The Parties, Jurisdiction and Venue

1.

Plaintiff Zurich is an insurance company lawfully doing business in the State of Georgia. Zurich is incorporated in New York and its principal place of business is in Illinois.

ATLANTA\177858\1

2.

Defendant Aaon is an Oklahoma corporation with its principal place of business in Oklahoma. Aaon may be served with process by service upon its registered agent: John B. Johnson, Jr., 15 W. Sixth Street, Tulsa, Oklahoma 74119.

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**Allegation of Facts**

5.

This case arises from a fire that occurred on April 13, 2009, at the Gwinnett Braves Stadium in Lawrenceville, Georgia.

ATLANTA\177858\1

6.

At the time of the fire, contractor Barton Malow, Inc. was finalizing its work involved in the construction of the stadium.

7.

At all times relevant to this Complaint, Plaintiff Zurich provided builder's risk insurance for Barton Malow and its subcontractors with respect to its work on the stadium.

8.

The fire originated inside the control panel of an air handling unit manufactured by Defendant Aaon.

9.

The air handling unit had been purchased and installed by Barton Marlow's subcontractor, Ivey Mechanical Company.

10.

The fire destroyed the air handling unit and damaged adjacent property.

11.

The fire was caused by a manufacturing and/or design defect in the air handling unit.

12.

Pursuant to its policy of builder's risk insurance covering Barton Malow and its subcontractors, Zurich paid for the costs incurred by Barton Malow and Ivey Mechanical in replacing the air handling unit and repairing adjacent property.

13.

Zurich is subrogated to Barton Malow's rights and causes of action against all parties responsible for the fire, to the extent of its payment, by right of legal and conventional subrogation. Zurich is also entitled to bring this action by right of assignment.

14.

Ivey Mechanical has been fully and completely compensated for any expenses it incurred as a result of the incident complained of and has declined to pursue a claim against Aaon, Inc. By virtue of being one of Zurich's additional insureds under its builders risk policy, Zurich is subrogated to Barton Malow's rights and causes of action against all parties responsible for the fire, to the extent of payment, by right of legal and conventional subrogation and de facto assignment.

ATLANTA\177858\1

## COUNT I – NEGLIGENCE

15.

Defendant Aaon owed to Zurich's insureds the duty to design and manufacture the air handling unit in a reasonably safe manner so as to avoid exposing foreseeable third parties, including Zurich's insureds, to an unreasonable risk of harm.

16.

Defendant Aaon breached the duty it owed to Zurich's insureds in one or more of the following particulars:

- A. Designing and/or manufacturing the air handler unit with a hidden defect that presented an unreasonable risk of harm to third parties;

- B. Designing and/or manufacturing an air handling unit that, suddenly and without warning, caused a fire presenting a grave risk of harm to persons and other property;

- C. Other acts or omissions as discovery may reveal.

17.

As a direct, proximate, and foreseeable result of Defendant Aaon's negligence, Zurich's insureds suffered the damages set forth above.

## COUNT II – BREACH OF WARRANTY

18.

Defendant Aaon manufactured and sold the air handling unit with an express warranty that warranted the air handling unit to be free of defects for a period of one year from the date of the installation or eighteen months from the date of shipment, whichever occurred first.

19.

The air handling unit was shipped on or about October 24, 2008.

20.

Defendant Aaon breached its express warranty because a defect in the air handling unit at issue resulted in a fire on April 13, 2009, entitling Zurich to recovery of its damages.

WHEREFORE, Plaintiff Zurich American Insurance Company demands:

A. That summons and process issue and be served upon Defendant Aaon, Inc., compelling it to appear and answer this Complaint;

B. That Plaintiff have trial by jury on all issues so triable;

C. That Plaintiff have judgment in its favor in the amount of its losses, plus all interest, costs, and all other relief allowed by law or equity.

_____
David M. Bessho
Georgia Bar No. 055784
Attorney for Plaintiff

Cozen O'Connor
SunTrust Plaza, Suite 2200
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: (404) 572-2000
Facsimile: (404) 572-2199
dbessho@cozen.com